**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LAVIVIAN Y. CAREY, | DOCKET NUMBER |
| Appellant, | DA-1221-13-0391-W-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: August 14, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

LaVivian Y. Carey, Sherwood, Arkansas, pro se.

Lynne Ravellette, Esquire, North Little Rock, Arkansas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed her appeal in part for lack of jurisdiction and in part as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2    The appellant was a GS-10 Veterans Service Representative for the agency.  Initial Appeal File (IAF), Tab 1 at 12.  She applied for a lower-graded GS-7 Administrative Assistant position with a lower rate of basic pay.  *Id.*; IAF, Tab 13 at 4.  She was selected and began working in that position effective February 10, 2013.  IAF, Tab 1 at 12, Tab 9 at 58-68.

¶3    On May 10, 2013, the appellant filed a Board appeal and requested a hearing.  IAF, Tab 1 at 3.  The subject matter and theory of her claim being unclear, the administrative judge informed the appellant of how to establish jurisdiction over her appeal as a constructive adverse action claim, IAF, Tab 3 at 2-3, a Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) claim, IAF, Tab 4, a Veterans Employment Opportunities Act of 1998 (VEOA) claim, IAF, Tab 5, and an individual right of action (IRA) claim, IAF, Tab 15.

¶4    After the close of the record, the administrative judge issued an initial decision dismissing the appeal without a hearing.  IAF, Tab 19, Initial Decision (ID) at 1, 12.  As to the appellant's IRA claim, the administrative judge found that it was filed outside the 65-day deadline set forth in the Office of Special

Counsel's February 27, 2013 closure letter. ID at 4-5; IAF, Tab 6 at 4. He further found that the appellant did not allege facts that would warrant equitable tolling of the deadline. ID at 5-6. Regarding the appellant's VEOA claim, the administrative judge found that the appellant did not make a nonfrivolous allegation of Board jurisdiction because she did not exhaust her administrative remedies by filing a complaint with the Department of Labor. ID at 6-7. Concerning the appellant's constructive adverse action claim, he found that the appellant's assertions of job-related stress, discrimination, harassment, and a hostile work environment did not amount to a nonfrivolous allegation that her working conditions were so intolerable as to compel a reasonable person to seek and accept a lower-graded position. ID at 7-11. The administrative judge further found that the Board lacks jurisdiction to adjudicate the appellant's Privacy Act and discrimination complaints.[2] ID at 11-12.

¶5        The appellant has filed a petition for review in which she argues that she missed the deadline for filing an IRA appeal because of her service-connected condition. Petition for Review (PFR) File, Tab 1 at 2. She has included four notarized witness statements for the purpose of showing that "the department personnel made threats to protect their wrong doings." *Id*. at 2-8. The agency has not filed a response.

¶6        As for the IRA claim, we find that, even if the appellant missed the filing deadline because of her service-connected disabilities, this would be insufficient to warrant tolling the deadline. The deadline for filing an IRA appeal is statutory—not regulatory. 5 U.S.C. § 1214(a)(3)(A); *see Wood v. Department of the Air Force*, 54 M.S.P.R. 587, 591, n.7 (1992). Unlike the Board's regulatory time limits for appeals filed under 5 U.S.C. § 7701, the statutory time limit for filing an IRA appeal cannot be waived for good cause shown because there is no

---

[2] The administrative judge did not address USERRA in the initial decision, likely because the appellant's responses to the jurisdictional orders did not appear to address USERRA.

statutory mechanism for doing so. *Pacilli v. Department of Veterans Affairs*, 113 M.S.P.R. 526, ¶ 10, *aff'd*, 404 F. App'x. 466 (Fed. Cir. 2010); *Wood*, 54 M.S.P.R. at 592; *cf.* 5 C.F.R. § 1201.22(c). Although the filing deadline may be subject to equitable tolling, under which the filing period is suspended for equitable reasons, equitable tolling is a narrow doctrine that is applied only rarely and in unusual circumstances. *Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶ 10 (2014). Federal courts have typically extended equitable relief sparingly, including in those situations where the claimant has actively pursued her judicial remedies by filing a defective pleading during the statutory period or where the complainant has been induced or tricked by her adversary's misconduct into allowing the filing deadline to pass; it does not extend to "garden variety" claims of excusable neglect. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). We find that the appellant's unexplained assertion that her unspecified service-connected disability caused her to miss the filing deadline does not warrant the application of this extraordinary doctrine. PFR File, Tab 1 at 2. For the reasons explained in the initial decision, we agree with the administrative judge that the appellant's IRA claim was untimely and that there is no basis to toll the deadline. ID at 4-6.

¶7        As for the witness statements that the appellant has submitted for the first time on review, it is not clear whether they are meant to pertain to her Privacy Act claim or to her claim of a constructive reduction in grade and pay. PFR File, Tab 1 at 3-8. In either case, the Board will not consider these statements because the appellant has not shown that they were previously unavailable despite her due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). We acknowledge that the witness statements themselves postdate the initial decision. ID at 1; PFR File, Tab 1 at 3-8. However, they pertain to events that occurred in April 2012—before the appellant filed her Board appeal. PFR File, Tab 1 at 3-8; IAF, Tab 1. To constitute new and material evidence, the information contained in the documents, not just the

documents themselves, must have been unavailable despite due diligence when the record closed. *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989). The appellant's explanations that she was confused and did not have an attorney, and that the witnesses stepped forward spontaneously, does not establish that she acted with due diligence in obtaining these statements. PFR File, Tab 1 at 2. In any event, we have reviewed the administrative judge's findings on the appellant's Privacy Act and constructive reduction in grade and pay claims, and we see no basis to disturb them. ID at 7-11; *see Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013) (to establish jurisdiction over a constructive adverse action claim, an appellant must show that: (1) she lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived her of that choice); *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000) (employees are not guaranteed a stress-free working environment; unjust criticism and unpleasant working conditions are generally not so intolerable as to deprive employees of free choice in career decisions); *Normoyle v. Department of the Air Force*, 65 M.S.P.R. 80, 83 (1994) (the Board lacks jurisdiction over Privacy Act claims).

¶8        The appellant also explains that the agency mishandled her Privacy Act complaint, so she is unable to show that she exhausted her administrative remedies.[3] PFR File, Tab 1 at 2. While we acknowledge that it can be difficult for federal employees to navigate the complaint processes, we reiterate that there is nothing we can do for the appellant regarding her Privacy Act complaint. This matter is outside the Board's jurisdiction regardless of whether the appellant has exhausted her administrative remedies.

¶9        The appellant does not appear to challenge the administrative judge's finding on her VEOA claim or his decision not to address USERRA in the initial

---

[3] This explanation appears to be in response to the statement in the initial decision that the proper forum for bringing a Privacy Act claim is the appropriate federal district court after exhaustion of administrative remedies. ID at 11.

decision.  We see no basis to disturb the administrative judge's finding that the appellant did not exhaust her administrative remedies for her VEOA claim.  ID at 6-7; *see Mims v. Social Security Administration*, 120 M.S.P.R. 213, ¶ 23 (2013) (to establish Board jurisdiction over a VEOA appeal, an appellant must, among other things, show that she exhausted her administrative remedy with the Department of Labor).   Nor do we see any error in the administrative judge declining to address USERRA in the initial decision because none of the appellant's submissions appear to implicate that statute.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not

both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.